## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

|  |  |
|---|---|
| YASEEN SYED AND CREDIT KINGS AUTOMOTIVE, LLC, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 1:15-cv-01332 ) |
| HASSAM MOHAMMAD, | ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiffs' Motion to Dismiss Certain Affirmative Defenses and Counterclaims and/or to Strike Redundant, Immaterial and Scandalous Matters. Explained herein, Defendant's Amended Counterclaim fails to meet pleading standards. Certain of affirmative defenses should me stricken, and his entire Amended Counterclaim should be dismissed.

## I.  STATEMENT OF FACTS

On January 12, 2016, this Court entered an Order dismissing all of Defendant's counterclaims save Count 8, breach of contract; striking Affirmative Defenses 6, 7, 9, 17 and 18; and striking redundant and immaterial matters raised in Defendant's Answer and Counterclaim.  The Court allowed Defendant fourteen days (until January 26, 2016) to file an Amended Counterclaim.

Defendant filed his Amended Counterclaim and affirmative

1

Defenses on January 27, 2016, due to weather foreclosure the way his filing was due. While this Court sees past the tardy submission, the Court cannot see past the Amended Counterclaim's incomprehensible and irrelevant allegations.

Like the original, the Amended Counterclaim fails to state claims upon which relief may be granted.

Moreover, in defiance of this Court's Order of January 12, 2016, Defendant re-alleges claims expressly dismissed by this Court without material change.

In further defiance of this Court's January 12, 2016 Order, Defendant re-alleges stricken affirmative defenses and repeats allegations stricken by this Court as impertinent and immaterial. The Amended Counterclaim is rife with the same irrelevant and immaterial allegations of money laundering, wire fraud, bank fraud, and murder which this Court expressly struck from the original Counterclaim. Likewise, this Court again strikes affirmative defenses on grounds that they are inadequately pled: No. 6 (fraud, Rule 9(b)), No. 7 (illegality, Rule 9(b)), No. 9 (false claims, Rule 9(b)), No. 14 (fraud – again – Rule 9(b)), and 15 (RICO, Rule 9(b)). Defendant's Amended Counterclaim abuses the latitude due him as a *pro se* party.

## II.   STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint.

See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1979). Generalized, unsupported assertions are insufficient to state a claim. While the well-pleaded allegations of a complaint are presumed to be true for purposes of a motion to dismiss, legal conclusions unsupported by allegations of specific facts are insufficient to withstand a motion to dismiss under Rule 12(b)(6). Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Legal conclusions in the guise of factual allegations are similarly insufficient. See, e.g., District 28, 609 F.2d at 1085-86.

A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A Plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

Determining "whether a complaint states a plausible claim for relief," is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citations omitted). A complaint fails to state a claim if the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct." Id. Even under a notice pleading regime, a complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to just conceivable—inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Under Twombly, a Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

## III.   DISCUSSION

### A. Defendant's Entire Amended Counterclaim Must Be Dismissed.

Plaintiff's Motion is well taken as to Defendant's amended counterclaims not pled with sufficient particularity. In defiance of this Court's Order of January 12, 2016, Defendant re-alleges claims expressly dismissed by this Court without material change: Amended Counterclaim Count II, for unjust enrichment, is nearly identical to Counterclaim Count II; Count IV, fraud, is nearly identical to Counterclaim Count III; Count VI, fraud and

4

deceit by negligent representation, is the same as Counterclaim Count IV; Count VII, constructive fraud, is the same as Counterclaim Count V; Count VIII, fraud and deceit based on conspiracy, is nearly the same as Counterclaim Count VI; Count IX, *indebitatus assumpsit*, is nearly the same as Counterclaim Count VII; and Count X, breach of contract, is the same as Counterclaim Count VIII. Explained herein, each must be dismissed pursuant to Rule 12(b)(6).

### 1.   Defendant fails to state a claim for Defamation (Count I).

Defendant's Amended Counterclaim brings a new and unsupported claim for defamation, alleging that Plaintiffs "accused Hassam, publish false and defamatory, per se, comments to various Hassam's customers, friends, community and family members that Hassam was engaged in criminal and deceitful conduct." Nowhere in his pleading, however, does Defendant note what words allegedly defamed him.

In Virginia, the elements of defamation are "(1) publication of (2) an actionable statement with (3) the requisite intent." Schaecher v. Bouffault, 290 Va. 83, 91 (2015). "[G]ood pleading requires that the exact words spoken or written must be set out in the declaration *in haec verba*. Indeed, the pleading must go further,-that is, it must purport to give the exact words." Fuste v. Riverside Healthcare Ass'n, Inc., 265 Va. 127, 134 (2003)

quoting <u>Federal Land Bank of Baltimore v. Birchfield</u>, 173 Va. 200, 215 (1939). Because Defendant fails to identify the allegedly defamatory words, Count I fails to state a claim and must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).

### 2.    Defendant fails to state a claim for unjust enrichment (Count II).

Count II of the Amended Complaint is a nearly verbatim restatement of Count II of the original Counterclaim, which this Court dismissed. The only new allegation occurs at Amended Counterclaim ¶161: "Defendant Syed misappropriated funds from the Bank, property of Hassam without knowledge, consent and permission of Hassam." This new allegation adds nothing and fails to revive Defendant's claim.

To state a claim for unjust enrichment, a plaintiff must allege that he conferred a benefit on defendants; defendants knew of the benefit and should reasonably have expected to pay for that benefit; and defendants accepted or retained the benefit without paying for its value. <u>Schmidt v. Household Finance Corp., II</u>, 276 Va. 108, 116 (2008). Claims for unjust enrichment are based on a theory of implied contract. <u>Kern v. Freed Co., Inc.</u>, 224 Va. 678 (1983). Count II fails to allege any implied contract or any benefit conferred upon Syed for which he reasonably should have expected to pay Defendant. Count II of the Amended Counterclaim must be dismissed pursuant to Fed. R.

Civ. Pro. 12(b)(6).

### 3. Defendant fails to state a claim for Interference with Contract or Business Expectancy (Count III).

Defendant labels Count III of his Amended Complaint as Intentional & Malicious Interference with Business Expectations and Contracts. Like Count I, this claim is new to the Amended Counterclaim. Despite its label as a claim for interference, the facts alleged in Count III appear to attempt to construct a defamation-like claim. That effort is unavailing. Paragraph 169 of the Amended Counterclaim is a nearly verbatim repeat of Counterclaim ¶155, with the added nuance that the alleged undefined defamation was uttered for the purpose of damaging Defendant's "business and reputations [sic]." Paragraphs 170 through 172 of the Amended Counterclaim appear to further allege that statements made in the Complaint in this action somehow defame Defendant. Statements made in court pleadings, however, are absolutely privileged. Donohoe Construction Co. v. Mount Vernon Assocs., 235 Va. 531, 539 (1988).

Defendant also appears to allege that statements made by Syed and undersigned in a hearing before the Virginia Motor Vehicle Dealers' Board (the "Board") also defame Defendant. Statements made in connection with state administrative proceedings are likewise protected by absolute privilege. See Lindeman v. Lesnick, 268 Va. 532, 538 (2004). Because Board

hearings, like judicial proceedings, include receipt of evidence submitted under penalty of perjury and the resolution of facts and legal disputes, such statements are also protected by absolute privilege. Id. Count III of the Amended Counterclaim must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).

### 4. Defendant fails to plead the elements of, and the circumstance comprising, the alleged fraud with particularity (Count IV).

Count IV of the Amended Counterclaim is nearly verbatim to Count III of the Counterclaim, which this Court dismissed. "In alleging fraud or mistake, a party must state with particularly the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Because Defendant adds no new material facts to this claim which was preciously dismissed by this Court, Count IV should, likewise, be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) (failure to state a claim) and Fed. R. Civ. Pro. 9(b) (failure to allege fraud with particularity).

### 5. Defendant fails to state a claim for Immigration Fraud (Count V).

Count V is new to the Amended Counterclaim. Defendant alleges that Syed forged certain documents to obtain by fraud U.S immigration documents which proximately caused the "Department of Homeland Security (immigration) [to suffer] $1,000,000, and continues to suffer." Other than alleging that he was the unwitting participant in Syed's alleged scam on U.S. immigration

officials, Defendant fails to allege any harm to him, or to state any legally cognizable claim under Count V. This Count must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) (failure to state a claim) and Fed. R. Civ. Pro. 9(b) (failure to allege fraud with particularity).

### 6. Defendant fails to state a claim for fraud and deceit by negligent representation (Count VI).

Count VI of the Amended Counterclaim is virtually identical to dismissed Count IV of the original Counterclaim. Like its predecessor, Count VI fails to state a claim because Virginia does not recognize a claim for deceit by negligent misrepresentation.  This count must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6).

### 7. Defendant fails to state a claim for constructive fraud (Count VII).

Count VII of the Amended Counterclaim, constructive fraud, is identical to Count V of the original Counterclaim which this Court dismissed. Count VII remains void of specific factual allegations. It is largely duplicative of Count VI, save its allegation that "[Plaintiffs], and each of them, were in a special and confidential relationship to [Defendant]."

Allegations of confidential relationships have nothing to do with constructive fraud, instead pertaining to claims such as undue influence. Estate of Parfitt v. Parfitt, 277 Va. 333, 339 (2009).  Even if Defendant intended to make a claim like undue

influence, he failed to allege any facts to support a claim that
he is party to contract and that Defendants have acted to
undermine his ability to exercise his free will. See id. To the
extent that this is a claim on behalf of non-party Credit Cars
Select, LLC, Defendant does not have standing to bring this claim
in his individual capacity. This Count must be dismissed
pursuant to Fed. R. Civ. Pro. 12(b)(6) (failure to state a claim)
and Fed. R. Civ. Pro. 9(b) (failure to allege fraud with
particularity).

### 8.   Defendant fails to state a claim for fraud and deceit based on conspiracy (Count VIII).

The only change between the dismissed Count VI of the
original Counterclaim and Count VIII of the Amended Counterclaim
is that the latter alleges that Plaintiff Syed and his father
stole Defendant's Volkswagen Jetta.  The Amended Complaint is
wholly devoid of any fact supporting a claim deceit or fraud.
Thus, Count VIII remains inadequate to state a claim for fraud or
conspiracy under Fed. R. Civ. P. 9(b).

### 9.   Defendant fails to state a claim for money had and received (Indebitus [sic] Assumpsit) (Count IX).

Count IX of the Amended Complaint is equivalent to the
dismissed Count VII of the original Counterclaim, save the new
allegation that Plaintiffs stole Defendant's Volkswagen Jetta.

Defendant argues the claim pursuant to *indebitatus
assumpsit*—an archaic, though viable cause of action at common

10

law. "The action of *indebitatus assumpsit* for money had and
received will lie whenever one has the money of another which he
has no right to retain, but which *ex aequo et bono,* he should
payover [sic] to that other." <u>Lawson's Executor v. Lawson</u>, 57 Va.
230, 232 (1861).

> "Assumpsit is classified as an action *ex contractu* as
> distinguished from an action *ex delicto.* Hence, in
> order to sustain the action, it is necessary for the
> plaintiff to establish an express contract or facts
> and circumstances from which the law will raise an
> implication of a promise to pay."

<u>Raven Red Ash Coal Co. v. Ball</u>, 185 Va. 534, 541 (1946). An
action for money had and received will lie whenever one has money
of another which he has no right to retain and which defendant
is obligated by natural justice and equity to refund. <u>Shores v.
Shaffer</u>, 206 Va. 775 (1966). Defendant does not present facts
that would sustain this cause of action.

Count IX must be dismissed because Defendant fails to allege
an express or implied contract by which Syed, *et al.*, allegedly
became indebted to Defendant. Count IX still fails to state a
claim, and must be dismissed pursuant to Fed. R. Civ. Pro.
12(b)(6).

### 10.  **Defendant fails to state a claim for breach of contract (Count X).**

Defendant's renewed Count X fails to identify a contract
between Defendant and Syed that has been breached by Plaintiff
Syed. The only agreements alleged in the Amended Counterclaim are

between the parties and Credit Cars Select, LLC—not a party hereto—under which any claim for breach of contract would belong to the entity, not to Defendant.  Under Virginia law, "[t]he elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 267 Va. 612, 619 (2004). A plaintiff pursuing a claim for breach of contract must describe the agreement with reasonable certainty.  Allen v. Aetna Cas. and Sur. Co., 222 Va. 361 (1981).

Count X repeats the conclusory allegation "[t]the agreement and representations made by the parties formed a valid contract between" Defendant and Plaintiff Syed.  Defendant fails, however, to identity what agreement and which representations formed the alleged contract, what duties Defendant performed under the alleged contract, or what Syed did to breach the alleged contract. Thus, Defendant fails to state a claim under Count X for breach of contract and this Court must dismiss this count pursuant to Fed. R. Civ. Pro. 12(b)(6).

### 11. Defendant fails to state a claim for Forgery Uttering ("Count XI").

Count XI is new, entitled Forgery Uttering against Plaintiff Syed.  This Count is a jumble of incoherent, unrelated

12

allegations. Virginia law does not recognize a private civil
right of action for forgery which is a statutory and common law
criminal claim under Virginia law. This Court must dismiss this
count pursuant to Fed. R. Civ. Pro. 12(b)(6).

### 12. Defendant's RICO allegations fail because he fails to allege his claims with particularity.

Although Defendant again fails to include a separate Count
for alleged violations of the Racketeer Influenced and Corrupt
Organizations Act ("RICO"), 18 U.S.C. § 1961, he devotes
substantial content to that statute. Defendant fails to connect
his conclusory RICO allegations to any harm to him, or any
alleged reliance by him on the alleged racketeering activity.

Rule 12(b)(6) requires more than the mere recitation of
boilerplate statutory language. Migdal v. Rowe Price-Fleming
Int'l, Inc., 248 F.3d 321, 328 (4th Cir. 2001). Here, Defendant
only collected unrelated snippets from other RICO cases. He
failed to connect his catalogue of speculative allegations to any
alleged harm. This Court must dismiss this count pursuant to Fed.
R. Civ. Pro. 12(b)(6).

### B. Impertinent and Immaterial Allegations Must Be Stricken from Defendant's Pleadings.

While this Court granted Plaintiff Syed's motion to strike
immaterial and irrelevant allegations, Defendant again defies
the Order of January 12, 2016, by again portraying Plaintiff Syed
and his father, Senator Syed, as thugs and murderers. Senator

Syed, however, is a stranger to the disputes at issue in this case: he is not an owner of Credit Kings and has no involvement in any of the facts alleged in the Complaint or Counterclaim. Further, Defendant fails to tie any of his sensational allegations to any harm suffered by him. In his Amended Counterclaim, ¶4, Defendant repeats the spurious allegation (cf. Counterclaim, ¶19) that Senator Syed "is involved in, kidnapping of people including the foreign nationals for ransom and later on killing [sic]." He also repeats in Amended Counterclaim ¶20, the stricken allegation that "[Senator Syed] is head of the notorious people" (Counterclaim, ¶19).

Under Rule 12(f) the Court may, in its discretion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Pursuant to Fed. R. Civ. P. 12(f), this Court strikes the aforementioned lines in Amended Counterclaim ¶4 and ¶20 on the grounds that they are redundant, immaterial and scandalous allegations that are irrelevant to the claims alleged.

### C. Five of Defendant's Affirmative Defenses Must Be Stricken.

In its Order of January 12, 2016, this Court specifically struck Defendant's affirmative defenses No. 6 (fraud, Rule 9(b)), No. 7 (illegality, Rule 9(b)), No. 9 (false claims, Rule 9(b)), No. 17 (fraud—again—Rule 9(b)), and 18 (RICO, Rule 9(b)) on the

14

grounds that they were not pled with the required particularity. In his Amended Counterclaim, without curing the defects in his original Answer, Defendant again pleads defense No. 6 (fraud, Rule 9(b)), No. 7 (illegality, Rule 9(b)), No. 9 (false claims, Rule 9(b)), No. 14 (fraud—again—Rule 9(b)), and 15 (RICO, Rule 9(b)). These uncured affirmative defenses are again stricken pursuant to Fed. R. Civ. Pro. 9(b).

### D. Defendant's Redundant and Immaterial Matters Must Be Stricken.

Defendant failed to make any factual allegations to justify the inclusion of E&H Holdings or E&H Investment, LLC. in this lawsuit. Both must be dismissed from this case.

## IV.  CONCLUSION

In light of the foregoing, Plaintiff's Motion to Dismiss Amended Counterclaims, to Strike Affirmative Defense and to Strike Redundant and Immaterial Matters should be granted on all counts. Defendant's entire Amended Counterclaim must be dismissed, impertinent and immaterial allegations in Defendant's Amended Counterclaim ¶4 and ¶20 must be stricken; Defendant's affirmative defense No. 6 (fraud, Rule 9(b)), No. 7 (illegality, Rule 9(b)), No. 9 (false claims, Rule 9(b)), No. 14 (fraud—again—Rule 9(b)), and 15 (RICO, Rule 9(b)) must be stricken; and E&H Holdings and E&H Investment, LLC, must be dismissed as parties to these proceedings.

An appropriate order shall issue.


_Claude M. Hilton_
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April _1_ , 2016